This was a bill for dower and for arrears of dower. John and Barzillai Newbold were seized of a tract of land in Newcastle county as tenants in common, in equal undivided moieties. Barzillai Newbold died in February, 1815, leaving to survive him the complainant below Euphemia Newbold his widow and seven children. By his last will and testament in writing, duly executed, he devised his part of the said tract of land to his two sons, Daniel and Anthony Newbold, in equal moieties as tenants in common in fee; and by his said will he made sundry bequests to his wife in lieu of dower. The widow Euphemia in March, 1815, renounced her interest under the will and elected to take her dower out of the lands. Daniel and *Page 386 
Anthony the sons made partition in 1822, by deed, to which their uncle John Newbold was also a party, so that each might hold his share in severally. Anthony mortgaged his part in 1825 to Jacob Ridgeway, one of the respondents, for the sum of $6000, under which mortgage the land was sold in 1837 and bought by the said Ridgeway. The complainant prayed an assignment of dower out of this part of the lands formerly of her husband, and for an account of Tents since the death of Barzillai Newbold.
The respondent, Ridgeway, contended that dower could not be assigned as against him alone, or otherwise than out of all the undivided moiety of which Barzillai Newbold died seized. He insisted that the money which was the consideration of the mortgage, was loaned by him to Anthony T. Newbold, without any notice of this claim of dower, and on the false representation that there was no incumbrance whatever. That Euphemia Newbold never set up any claim of dower until after his purchase, nor does she now claim dower out of any other of the lands of her husband than the part so purchased by the respondent. He charged a combination between Anthony T. Newbold and his mother Euphemia.
Anthony T. Newbold answered separately, admitting all the facts of the bill, and that the complainant had frequently demanded dower of him. That he expressly told Ridgeway when he executed the mortgage, that this land, was subject to dower; and that it was in arrear. The incumbrance was also generally known and spoken of at the sale.
Anthony T. Newbold was also examined as a witness for complainant, under a special order of the court, "saving all just exceptions." He testified more particularly to the facts stated in his answer; affirming them. Articles were exhibited against his testimony. First. Because he was a party defendant and was interested in the event of the cause. Second. Because his testimony went to charge the purchaser of land under a mortgage from him with the whole of the arrears of dower, and to discharge himself. Third. Because his examination was irregular and contrary to the rules of practice in chancery.
On the 28th November, 1831, the chancellor decreed that the one third part of the land mortgaged to Ridgeway, and afterwards purchased by him, should be assigned and laid off to the complainant for her dower; and he issued a commission for this purpose; and he further decreed that an account of the rents land profits should be taken by Andrew C. Gray, Esq., a master in chancery, appointed for the purpose, from the 25th March, 1827, and that he should report the said account to the next court of Chancery.
An appeal from this decree was prayed and granted on behalf of the complainant, who objected that the decree confined the arrears of dower to the date of Ridgeway's purchase instead of going back to the time of Barzillai Newbold's death.
The case was heard in the Court of Errors and Appeals, at the June term, 1832, and the decree of the chancellor was in all things affirmed by that court: and the commissioners and master were directed to proceed. (ante 55.)
On the coming in of the master's report, exceptions were filed to it on the part of the respondent Ridgeway; and, after argument, the *Page 387 
chancellor overruled all the exceptions and confirmed the report. He made his final decree on the 23d of February, A. D. 1833, directing Ridgeway to pay to the complainant the sum of $538 52 1-3 for arrears of dower; and also confirming the assignment of dower.
From this decree the present appeal was taken.
The causes of appeal specified the following errors, though all of them were not insisted on in the argument. First. For that the one third part of the land purchased by Ridgeway was directed to be assigned and laid off to Euphemia Newbold, for her dower "whereas the right of dower of the said Euphemia Newbold, if any right of dower existed, was in the undivided moiety of the tract of land containing 800 acres, held by the said Barzillai Newbold at the time of his decease as tenant in common with his brother John Newbold." Second. For that a commission was issued to lay off the dower in the lands so purchased by Ridgeway, whereas the land so purchased is only a part of the land of which Barzillai Newbold died seized, and the said Barzillai was only a tenant in common thereof with his brother John Newbold. Third. Because the decree should have been for deft. below. Fourth. Because the testimony and deposition of Anthony T. Newbold admitted and used in the court below were inadmissible and ought to have been suppressed, "he the said Anthony not being a competent witness, and was interested in the matters in controversy and was a party defendant." Fifth. Because Andrew C. Gray, Esq., was appointed to take an account of the rents and profits, c., whereas "judicial power cannot be delegated but by express law," and that important rights and privileges of the deft. were, by order of the chancellor, examined and adjudicated out of court by the said Andrew C. Gray. Sixth. Because the master did not allow certain expenditures made by Ridgeway on said lands. Seventh. Because the decree for issuing a commission to lay off the dower did not direct notice of the execution of said commission to be given to the deft.; and because the commissioners proceeded to execute the commission in the absence of deft. and without notice to him.
Wales, for appellant. A dowress is entitled to dower at common law only, in such estate as her husband held and died seized of Dower of an estate in common must be laid off as in common, i. e. one third of an undivided moiety; and the widow may afterwards have her partition. She cannot be endowed by metes and bounds in the first instance for the dower must be assigned generally. The principle is that dower cannot be assigned at law or in equity except in a certainty. Co.Litt. 32 b. 35 a. 37 b. 2 Bac. Abridg. tit. Dower B. 125. And it was so decided by the late chancellor Ridgely in Nancy Waples vs.John Smith, Waples and Paul Waples. Sussex, July T. 1820.a
Second. Ridgeway is a purchaser for a valuable consideration without notice of the incumbrance. Equity will not assist a dowress against such a purchaser. Such a defence will not avail at law, for dower there is a legal right and this defence a mere equity; but in this court the parties stand on equal ground, and it will not enforce a mere equitable claim against an equally *Page 388 
equitable defence. Prec. in Ch'y. 65; Lady Radnor vs. Rotheroe; 3Brown Ch'y. B. 265; Hardw. Rep. 88; James vs. Blunt; 2 Vezey, Jr.
454; Gerrard vs. Saunders; per Chancellor Ridgely, in Dick vs.Doughton — Newcastle, 1826.b Third. The commission directed dower to be assigned in a part only of the land of *Page 389 
which Barzillai Newbold died seized. It cannot be, on principle, that a dowress may go to any part of the land and claim her dower out of that, she must have her dower out of the whole, and in such quality of estate as her husband held.
Rogers, for respondent. I agree that where dower is sought out of land held in common, the assignment must be in common; but after partition it may be assigned by metes and bounds out of the lands held in severalty. The land is no longer held in common. Barzillai and John Newbold were tenants in common; the former devised to his two sons in common; these, together with John the uncle, made partition before any assignment of dower, and each held his part in severalty. It was lawful for them to make such partition; they had the right to destroy the tenancy in common; the dowress could not prevent it. Now would it not be extraordinary that she should be compelled to treat this land so severed as if it were still held in common? and if she must do so would it not defeat the partition? And where is the inconvenience of assigning the dower out of such part? Second. Whether on the answer of Jacob Ridge *Page 390 
way he can avail himself of the defence of purchase for a valuable consideration without notice. In the first place how is the fact? Anthony T. Newbold, one of the clefts., was examined under the order of the court. Where is the objection to his testimony? Not that he is a deft. A plff. has a right to examine a deft. as a witness if he seek no decree against him; and here Anthony Newbold is a mere formal party. 2 Mad. Ch. 415. Is he interested? How? The claim is for dower out of lands in which he no longer has any interest, for all his interest has been assigned to Ridgeway. He is not interested as to the arrears of dower, for this court has already decided that the complainant could only recover arrears from Ridgeway, since the date of his title, and no decree has been made or was sought against Newbold. Moreover being called by the complainant he is swearing against his interest; and he has also been released by her. If then Anthony T. Newbold is a competent witness, this defence is at an end, for he proves that he gave Ridgeway notice of the claim of dower. Again; any matter traced to the knowledge of the party which would put a prudent man upon an inquiry as to the lien is equivalent to notice. This is settled. Now abundant matter of this description is found in the very mortgage from Anthony T. Newbold to Ridgeway. The mortgage refers to the will of Barzillai Newbold and to the partition deeds. The will shows the fact that he left a widow, and on the record of the will is endorsed her renunciation and election to take dower at law. Ridgeway therefore had the means of notice within his power; enough to put him on his guard; and he cannot now avail himself of the want of notice. But the defence itself cannot be sustained on the authorities. It does not apply to a claim of this character. Nor is it here properly set up. I grant that a party may avail himself of this defence as well by answer as by plea; but all the formalities required in the one case must be observed in the other. Great strictness is required in verifying the plea. The seizen; the payment of consideration; the want of notice must all be positively stated and sworn to. There is no evidence here that the consideration for this mortgage was in fact paid, except what is furnished by the mortgage deed, and this ought to have been sworn to by the deft. to entitle him to this defence. But I resist the whole defence as inapplicable to a claim of dower. Dower under our act of Assembly is a legal right wherever prosecuted. There may be cases of a mere equitable claim of dower, which would let in any equitable defence but dower under our law, whether prosecuted for in a court of common law or of equity, has the validity of a legal claim to which such a defence as this cannot apply. And how unjust would it be to defeat a claim of dower by the mortgage of the heir to a person who might not have actual knowledge of the right to dower. The distinction I have taken was recognized in the case of Dick; vs. Doughton, cited by Mr. Wales. Third. The decree is not defective from any irregularity in the commission issued for the assignment of dower. The deft. was in court; in the progress of a litigated cause; he was bound therefore to take notice of the decree and of every thing resulting from it. It is not like an ex parte proceeding where notice might be required from the only actor in court. In the common cases of partition or assignment under *Page 391 
our acts of assembly there is no provision for notice, because the party to be affected by the partition is in the possession of the land and must take notice. The same principle applies here.
Wales, in reply. Anthony T. Newbold's deposition is not evidence. He was a party to the suit, made so by the complainant herself, liable for costs, liable for arrears of dower, could have been decreed to pay his part of the arrears in this very cause. He is therefore interested. Is he rendered competent by the release? This is not a part of the record, not in the list of exhibits, and it saves her claims for dower. Then how stands the case on the main ground of purchase for valuable consideration without notice? Is the defence properly set up. The decision in Dick and Doughten only establishes that the consideration must appear in the answer or in the proof.
And it was also decided in that case that if the answer was defective on this point the only mode of objecting to it was by exception. The answer is to be deemed sufficient if not excepted to. But here the consideration does appear, not only in the answer but in the bill itself. It states that the mortgage was given "to secure the payment of six thousand dollars, with lawful interest," c. The defence is therefore well set up. Is it available? I know of no such distinction as Mr. Rogers makes between legal and equitable dower, unless it is so designated from the court in which it is sought. All dower is a legal right, but when it is necessary to seek the aid of a court of equity to enforce it, that court will take care of the equities of other parties. And this is no uncommon thing in the practice of that court. When called on to enforce legal rights, it always applies to them its own principles. Is the dower well assigned? How could a partition among the tenants in common affect either the widow's right to dower of vary the manner of her enforcing it? She was not a party to the partition, and it is against all principle that her rights should be affected by the acts of others. And is there not good reason for compelling the widow to seek her dower out of the whole estate in the condition in which it was left by her husband? The heirs at law, or devisees, should all be parties to the proceeding, for some of them might show a satisfaction or a release which would enure to the whole.
The court affirmed the decree without delivering an opinion at length; but it was understood that they recognized these positions:
First. In equity a woman may have dower assigned as against one tenant in common if there has been a severance. Tenants in common have the right to make partition, which the widow could prevent, and must prevent, if she may not seek her dower against each after a severance.
Second. The deposition of Anthony T. Newbold was admissible, and his examination as a witness, notwithstanding he was a party on the record, was regular.
Third. The fact of notice was proved, and therefore the principal point was not necessarily decided, but the court strongly inclined —
Fourth. That purchase for valuable consideration without notice isnot a good defence against a claim of dower which is a legal and not an equitable title.
Fifth. The execution of the commission to lay off the dower was not irregular. Notice to Ridgeway was not necessary, nor is it the practice. He was a party to the proceeding in court, and bound to *Page 392 
take notice of its decrees. He was also in possession of the land out of which the dower was assigned.
 Decree affirmed.
a No record of this decision is to be found amongst the manuscript notes of the late Chancellor Ridgely.
b The case of Martha Dick, a lunatic, by James Bradford her trustee against William Doughton was a bill for dower and for arrears of dower against a purchaser. The conveyances were traced down to Doughton, but in no one of them was there any consideration mentioned. The answer, however, stated that Doughton "gave a full and fair and just price for the said tract of land, without any notice, knowledge or belief that there existed any defect in the title of the same, or that the said tract of land was liable to any claim or demand of dower by the said Martha Dick or of any other person." In remarking upon the manner of setting up this defence, the Chancellor (Ridgely) said "aplea of purchase for valuable consideration without notice must aver the consideration and actual payment of it," and this not merely by way of recital, but it should be averred that the sum mentioned as the consideration in the deed was really and bona fide paid. "And where the defence is made by answer without a plea, it is necessary that there should be the same precision, and that all the matters making the defence should be as clearly and explicitly stated as in a plea." "However as the answer has not been excepted to, it will be taken as sufficient." Mitf. 216; 3 Atk. 304; do. 814; 1 Harrison 224;Gilbert's Ch'y 57, 8. Mitf. 215, 16; Sugden on Vendors 553, 558. Two other points were made in this case — first, whether the defendant could by an answer make the defence of being a purchaser for a valuable consideration without notice; and second, whether such a defence could be made by either plea or answer against a claim ofdower. The chancellor made the following remarks on these questions:
"First. I think a deft. may avail himself of this defence by answer as well as plea; and the following authorities support this opinion. 1Harr. 244; Harris vs. Ingledon; 3 Wms. 91, 95. 2 Vez. 492; 1Harr. 224. And as to the statute limitations, 1 Harr. 222; 2Wms. 145; 1 Harr. 224. Lord Hardwick says in Chapman vs.Turner, 1 Atk. 54, the defence proper for a plea must be such as reduces the cause to a particular point, and from thence creates a bar to the suit, and is to save the parties the expense of an examination; and it is not every good defence in equity that is good in a plea, for where the defence consists of a variety of circumstances there is no use of a plea, the examination must still be at large, and the effect of allowing such a plea will be that the court will give their judgment on the circumstances of the case before they are made out bythe proof. In addition, Lord Redesdale's treatise on pleadings, 246, may be consulted on this subject. The defence in this case might possibly have been better made by plea and by answer in support of the plea.
The second might have been much the most important point, but from the failure of proof in the deft. it is not of the first consideration in the cause. However, I shall not pass it by without notice. InWilliams vs. Lambe, 3 Bro. C. C. 264, which was a bill for dower and in which the deft. plead to the discovery and relief that he was a purchaser for a valuable consideration without notice of the vendor being married, Lord Thurlow said the only question was whether a plea of purchase without notice would lie against a bill to set out dower: that he thought where a party is pursuing a legal title as dower is that plea does not apply it being only a bar to an equitable not to a legal claim. He therefore overruled the plea. Mr. Parke in his treatise on dower, 328, says the case of Williams vs.Lambe may be supported on its particular circumstances, on the ground that the plea covered too much, being to the relief as well as to the discovery. The dowress had a right to recover against the purchaser at law; and, if it be established that a court of equity has a concurrent jurisdiction to assign dower, such a plea to the relief would appear to be inexplicable although it might be good to the discovery, since the relief prayed is not the assistance of the court to enable the dowress to make good her title at law, but merely to give her the effect of a recovery at law. It is indeed observable that the observations of Lord Thurlow were distinctly addressed to the plea as a plea to the relief; and his omitting to intimate that such a plea might be good as to the discovery, might possibly be accounted for by the consideration that in a case so circumstanced, a plea to the discovery would almost unavoidably be overruled by the answer. Now in the case of Williams vs. Lambe, I do not perceive the ground for Mr. Parke's distinction; for, as the case is reported by Brown, although Lord Thurlow's remarks were addressed to the plea yet they certainly distinctly state that the plea did not apply as abar to a legal claim, that dower was a legal claim, and therefore the plea was overruled. But suppose Mr. Parke's distinction to be correct, this answer does not object to making the discovery and it does state the several deeds of conveyance and makes a full discovery as to the title; and then, as I clearly understand it, it opposes the purchase for a full, fair and just price, without any notice, knowledge or belief that there existed any defect in the title, or that the said tract of land was liable to any claim or demand of dower by the said Martha Dick, to the relief. I refer to the Philadelphia edition of Sugden on Vendors 557, and the cases there cited to show the doubts entertained on this subject. This is alegal, not an equitable, title; and I should decree in favor of the complainant had the defendant supported his answer by proof; unless the admission of the sufficiency of the answer, by not excepting to it, might have interposed a difficulty."
The decree in the case was for the assignment of dower, and for an account of the arrears from the time of the purchase made by William Doughton.